IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER MORRIS, RALPH MORRIS, and RONALD LEE MORRIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, YANNICK DESLAURIERS, Officer, and OTHER UNKNOWN METROPOLITAN OFFICERS, in their individual capacities, )<br>)<br>Defendants. ) | CASE NO. 3:09-0289<br>JUDGE TRAUGER/KNOWLES |

## REPORT AND RECOMMENDATION

The three Plaintiffs, acting pro se, filed their Complaint in this action alleging that Metropolitan Nashville Police Officers illegally and unjustifiably entered "into the Plaintiff's [*sic*] dwelling . . . ." Docket No. 1. Judge Trauger subsequently referred this action to the undersigned "for case management, decision on all pretrial, non-dispositive motions and report and recommendation on dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72, Fed. R. Civ. P." Docket No. 2.

On August 6, 2009, the undersigned entered an Order noting that Plaintiffs had failed to serve Defendants within 120 days after the Complaint was filed, in violation of Fed. R. Civ. P. 4(m). The undersigned's Order stated in part:

> Therefore, within twenty (20) days of the date of entry of this Order, Plaintiffs shall file a written statement showing good cause for their failure to serve the Defendants within 120 days after the filing of the Complaint. If Plaintiffs fail to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice.

Docket No. 3.

On August 10, 2009, Plaintiffs filed a Response to the Court's Order, the body of which states in full as follows:

> I am writing in concern to the Complaint filed March 25, 2009. The attorney we had retained Michael Sneed. We've found out he has lost his licensen to practise law. After trying unsuccessful to reach him he never notified us of this. We are now trying to get repersintation in handleing our Complaint and have all Defendants summoned.

Docket No. 4.

Plaintiffs have not shown good cause for their failure to serve Defendants. Plaintiffs do not explain when they retained Mr. Sneed or when they discovered he had lost his license to practice law. Moreover, Plaintiffs were acting pro se when they filed their Complaint, and they have provided no explanation for why they themselves could not have served Defendants between the date of filing of the Complaint and the date of the Court's Order discussed above, or even after the date of the Court's Order discussed above.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10)

2

days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                                  E. Clifton Knowles
                                                                                   United States Magistrate Judge